IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CARR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:19-cv-02673 |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PAGE, INC., d/b/a | ) | |
| LEASINGDESK SCREENING, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTOPHER CARR, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against REAL PAGE, INC., d/b/a LEASINGDESK SCREENING, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. CHRISTOPHER CARR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tampa, County of Hillsborough, State of Florida.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. REAL PAGE, INC., d/b/a LEASINGDESK SCREENING, (hereinafter, "Defendant"), is a business entity that provides tenant screening services to various third-parties.

7. Defendant is registered as a Delaware corporation in the State of Florida.

8. Defendant has its principal place of business located at 2201 Lakeside Blvd., Richardson, TX 75082.

9. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

10. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

11. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV.    ALLEGATIONS

12. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

13. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

14. Among other things, Defendant sells consumer reports to potential landlords who wish to screen tenant applicants.

15. Some of the consumer reports Defendant sells to landlords contain information regarding a prospective tenant's criminal arrest and conviction history.

16. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18. On or about July 20, 2019, Plaintiff submitted a tenancy application for an apartment at The Fitzgerald on Channelside (hereinafter, "FITZGERALD").

19. On or about July 20, 2019, FITZGERALD agreed to rent an apartment to Plaintiff contingent upon Plaintiff successfully passing a background screening.

20. As part of its routine background check on its prospective tenants, FITZGERALD requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

21. On or about July 20, 2019, Defendant prepared and sold a consumer report to FITZGERALD, purportedly regarding the character and general reputation of Plaintiff.

22. The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of child molestation and statutory rape.

23. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

24. The inaccurate information of which Plaintiff complains are putative felony convictions for "child molestation" in July of 2008 for which he was allegedly sentenced to 20

years in prison, and a "statutory rape" in February 2007 for which he was allegedly sentenced to 10 years in prison.

25. Plaintiff has never been arrested, tried or convicted of any felonies, any sexual crimes, or any molestation. Plaintiff has never been sentenced to any time in prison.

26. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including FITZGERALD.

27. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

28. As of the result of the inaccurate information reported by Defendant to FITZGERALD, Plaintiff's rental application was denied.

29. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained patently inaccurate information.

30. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to FITZGERALD and other unknown third parties.

31. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Delay in being approved for rental opportunities;

   b. Emotional distress, mental anguish, humiliation and embarrassment associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

32. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.   JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER CARR, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Punitive damages;

   d. Plaintiff's attorneys' fees and costs; and,

   e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CHRISTOPHER CARR**

By:   s/ David M. Marco
Attorney for Plaintiff

<u>Dated: October 26, 2019</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithmarco.com